THOMAS LONGWITH *et al. v.* THOMAS T. BUTLER.

*Motion to re-tax Fee Bill.*

Upon the filing of a record in the Supreme Court, the clerk has the right to issue a *scire facias* and file the writ of error, unless expressly directed by the parties not to do so. The writ of error in fact is never issued when the record has been filed, but remains on file in the office. The *scire facias* is the only process which issues.

The twenty-second rule of the Supreme Court does not apply to written arguments, nor is the defendant entitled to have the making of his abstract and brief charged against the plaintiff, unless the Court have first decided that the plaintiff's abstract and brief is insufficient, and the plaintiff's counsel have failed to file a satisfactory one.

THIS cause was decided at the last term of this Court, (*ante* 32) and at the present term, the appellants, by *Hardin & Smith,* their counsel, entered a motion to re-tax the fee bill issued therein, which was as follows, to wit:

"Appellants, by their counsel, move the Court to direct the clerk of said Court to re-tax the fee bill by him issued 28th February, 1846, and to disallow and exclude from the same the second and sixth items in the same, because they have been therein taxed contrary to the rules and practice of this Court.

Appellants, in regard to the said sixth item, except to the same because, by their counsel, they filed an abstract and written argument in the case, on which it was submitted on their part, and were not ruled by the Court, on the motion of the appellee, to file any other or further abstract of the case; and because said sixth item is and was on account of an argument filed by the appellee's counsel in the case, which the clerk in his own error caused to be printed, and for which, if he is entitled to any compensation, he of right ought to look to appellee or his counsel for the same."

*M. McConnell,* for the appellee, resisted the motion.

PER CURIAM. The first item objected to by the counsel for appellants is the charge for writ of error, *scire facias,* &c. &c. &c., while the case as it is alleged was brought here by agreement, and no process actually issued.

The Court is of the opinion that the charge is a proper one. Upon the filing of the record, the clerk had a right to issue a *scire facias* and file the writ of error, unless he was expressly directed by the parties not to do so. The writ of error, in fact, is never issued, when the record has been filed, but remains on file in the office. The *scire facias* is the only process which issues.

The other item complained of, is the sixth, being a charge for making "copies of abstracts, 856 folio, $128." Upon an inspection of the papers in this case it appears, that the case was submitted by both parties upon briefs and written argument. The appellant had filed his abstract and written argument in compliance with the 20th rule of this Court. Neither the Court nor the counsel for appellee, made any objection to said abstract, and in fact, it was fully sufficient for the purposes intended, it being also accompanied with an elaborate argument.

The appellee also filed an abstract of the case, together with an argument, copies of which abstract and argument he had made out by the clerk, and for which copies, the charge is made against the appellant, who was the unsuccessful party.

The 22d rule of this Court, by which the defendant's counsel is permitted, if he be not satisfied with the abstract or abridgment by the plaintiff's (appellant's) counsel, to furnish each of the Justices of this Court, which lack for the abstracts, as he shall deem necessary to a full understanding of the merits of the cause, we think does not apply to this case.

It can never apply to a written argument, nor is the defendant entitled to have the making out of his abstract and brief charged against the plaintiff, unless the Court have first decided that the plaintiff's abstract and brief is not sufficient, and the plaintiff's counsel have failed to file a satisfactory one.

We look upon the transaction in this case as one of a private nature between the clerk and defendant's counsel, and for which, none but the defendant can be held responsible by the clerk.

*Motion allowed.*